UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2026-CR-80016-Singhal/Maynard

18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

v.

MALACKI FRAY,
JUSTICE ORLANDO, and
JORDAN ROUSSEAU,

Defendants.
_____/

FILED BY SW D.C.

JAN 22 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment:

1. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was an agency of the United States Department of Justice responsible for enforcing and administering federal firearms laws and regulations.

2. A "licensed dealer," also known as a federal firearm licensee ("FFL"), as defined by Title 18, United States Code, Section 921(a)(11), means any person who is licensed under Chapter 44, United States Code, as a dealer and includes any person engaged in the business of selling firearms at wholesale or retail; any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms; and any person who is a pawnbroker. Pursuant to Title 18, United States Code, Section 923, an FFL must maintain a place of business subject to inspection; complete and maintain records concerning the receipt, sale,

and disposition of firearms; require customers to complete an ATF Form 4473 whenever a firearm is transferred; report multiple sales of two or more handguns to the same transferee/buyer; and conduct a background check and obtain approval of the sale through the National Instant Criminal Background Check System ("NICS").

3. An ATF Form 4473 is designed so that an FFL may determine if he or she can lawfully sell and deliver a firearm to the person completing the form as the transferee/buyer. An ATF Form 4473 is also designed to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The ATF Form 4473 documents the serial number, type of firearm sold, the transferee/buyer, and whether the transferee/buyer is eligible to possess and buy a firearm. Eligibility to purchase a firearm is determined by the answers to a series of questions, that cover a list of disqualifying factors under federal law, including, whether the transferee/buyer is the actual buyer, a convicted felon, has a history of drug abuse or mental incapacity, and whether the transferee/buyer has legal status to be in the United States. The transferee/buyer must personally complete the ATF Form 4473 and certify by signature that the answers are true, correct, and complete.

4. An ATF Form 4473 includes a warning that a person is not the actual transferee/buyer of a firearm if the person is acquiring the firearm on behalf of another person. If the person is not the actual transferee/buyer, the FFL cannot transfer the firearm. The form warns that a transferee/buyer who falsely verifies that he or she is the actual buyer of the firearm, commits a crime punishable as a felony under federal law, pursuant to Title 18, United States Code, Sections 922(a)(6), as the true identity of the actual buyer of the firearm is material to the lawfulness of the sale.

## COUNT 1
### Conspiracy to Commit Offenses against the United States
### (18 U.S.C. § 371)

1. The allegations set forth in paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. Beginning at least as early as on or about December 11, 2024, the exact date being unknown to the grand jury, and continuing through on or about February 8, 2025, in Palm Beach County, in the Southern District of Florida, the defendants,

**MALACKI FRAY and**
**JUSTICE ORLANDO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other to commit a certain offense against the United States, that is: to knowingly make false and fictitious written statements in connection with the acquisition of firearms from licensed firearms dealers, which statements were intended and likely to deceive the licensed firearms dealers as to a fact material to the lawfulness of the sale and other disposition of such firearms, in violation of Title 18, United States Code, Section 922(a)(6).

### Object and Purpose of the Conspiracy

It was the object and purpose of the conspiracy to obtain firearms from federally licensed firearms dealers (FFL) and transfer the firearms to the possession of **JUSTICE ORLANDO**.

### Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the purpose and object of the conspiracy, included, among other things, the following:

1. **JUSTICE ORLANDO** requested firearms to be purchased by **MALACKI FRAY**.

2. **MALACKI FRAY** purchased and received firearms for **JUSTICE ORLANDO**

3

from licensed firearms dealers in Florida.

3. **MALACKI FRAY** acted unlawfully as the transferee of the firearms by completing the ATF Form 4473 and therein made materially false statements to licensed firearms dealers to obtain firearms.

4. **JUSTICE ORLANDO** received firearms from **MALACKI FRAY**, reimbursed **MALACKI FRAY** for the purchase price of the firearms, and paid **MALACKI FRAY** additional money for having purchased and received the firearms from licensed firearms dealers.

### Overt Acts

In furtherance of the conspiracy, and to affect the object and purpose thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida and elsewhere:

1. On or about December 11, 2024, **JUSTICE ORLANDO** requested two (2) Palmetto State Armory Dagger Compact frames for **MALACKI FRAY** to purchase.

2. On or about December 13, 2024, **JUSTICE ORLANDO** sent **MALACKI FRAY** payment to purchase such firearms, and **MALACKI FRAY** confirmed that **MALACKI FRAY** purchased the two (2) Palmetto State Armory Dagger Compact frames for **JUSTICE ORLANDO** and had them delivered to Gator Guns & Pawn, Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

3. On or about December 18, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Gator Guns & Pawn, Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

4. On or about January 5, 2025, **JUSTICE ORLANDO** requested two (2) Palmetto State Armory Dagger Compact frames for **MALACKI FRAY** to purchase and sent **MALACKI FRAY** payment to purchase such firearms.

5. On or about January 6, 2025, **MALACKI FRAY** confirmed that **MALACKI FRAY** purchased the two (2) Palmetto State Armory Dagger Compact frames for **JUSTICE ORLANDO** and had them delivered to Gator Guns & Pawn, Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

6. On or about January 10, 2025, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Gator Guns & Pawn, Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

7. On or about January 26, 2025, **JUSTICE ORLANDO** requested four (4) Palmetto State Armory Dagger Compact frames for **MALACKI FRAY** to purchase.

8. On or about January 31, 2025, **JUSTICE ORLANDO** sent **MALACKI FRAY** payment to purchase such firearms, and **MALACKI FRAY** confirmed that **MALACKI FRAY** purchased four (4) Palmetto State Armory Dagger Compact frames for **JUSTICE ORLANDO** and had them delivered to Shoot Straight WPB Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

9. On or about February 7, 2025, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Shoot Straight WPB Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

10. On or about February 8, 2025, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Shoot Straight WPB Inc., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Commit Offenses against the United States
### (18 U.S.C. § 371)

1. The allegations set forth in paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. Beginning at least as early as on or about August 12, 2024, the exact date being unknown to the grand jury, and continuing through on or about January 6, 2025, in Palm Beach and Broward Counties, in the Southern District of Florida, the defendants,

**MALACKI FRAY and**
**JORDAN ROUSSEAU,**

did knowingly and willfully combine, conspire, confederate, and agree with each other to commit a certain offense against the United States, that is: to knowingly make false and fictitious written statements in connection with the acquisition of firearms from licensed firearms dealers, which statements were intended and likely to deceive the licensed firearms dealers as to a fact material to the lawfulness of the sale and other disposition of such firearms, in violation of Title 18, United States Code, Section 922(a)(6).

### Object and Purpose of the Conspiracy

It was the object and purpose of the conspiracy to obtain firearms from federally licensed firearms dealers (FFL) and transfer the firearms to the possession of **JORDAN ROUSSEAU**.

## Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the purpose and object of the conspiracy, included, among other things, the following:

1. **JORDAN ROUSSEAU** requested firearms to be purchased by **MALACKI FRAY**.

2. **MALACKI FRAY** purchased and received firearms for **JORDAN ROUSSEAU** from licensed firearms dealers in Florida.

3. **MALACKI FRAY** acted unlawfully as the transferee of the firearms by completing the ATF Form 4473 and therein made materially false statements to licensed firearms dealers to obtain firearms.

4. **JORDAN ROUSSEAU** received firearms from **MALACKI FRAY**, reimbursed **MALACKI FRAY** for the purchase price of the firearms, and paid **MALACKI FRAY** additional money for having purchased and received the firearms from licensed firearms dealers.

## Overt Acts

In furtherance of the conspiracy, and to affect the object and purpose thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida and elsewhere:

1. On or about August 12, 2024, **JORDAN ROUSSEAU** requested two (2) lower receivers for **MALACKI FRAY** to purchase.

2. On or about August 13, 2024, **JORDAN ROUSSEAU** sent payment to **MALACKI FRAY** to purchase the two (2) lower receivers.

3. On or about August 13, 2024, **MALACKI FRAY** purchased one (1) Aero M4E1

receiver and one (1) Soto Arms PA-15 receiver from Sunshine State Firearms Co., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

4. On or about August 13, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Sunshine State Firearms Co., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

5. On or about August 26, 2024, **JORDAN ROUSSEAU** requested four (4) lower receivers for **MALACKI FRAY** to purchase.

6. On or about August 27, 2024, **MALACKI FRAY** purchased four (4) Soto Arms PA-15 receivers for **JORDAN ROUSSEAU** from Sunshine State Firearms Co., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

7. On or about August 27, 20204, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Sunshine State Firearms Co., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

8. On or about October 15, 2024, **JORDAN ROUSSEAU** requested **MALACKI FRAY** to meet at Sunshine State Firearms Co., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

9. On or about October 16, 2024, **MALACKI FRAY** purchased three (3) Soto Arms PA-15 receivers from Sunshine State Firearms Co., a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

10. On or about October 16, 2024, **JORDAN ROUSSEAU** sent **MALACKI FRAY**

payment for the purchase of such firearms.

11. On or about October 16, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Sunshine State Firearms, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

12. On or about October 31, 2024, **JORDAN ROUSSEAU** requested one (1) Black Aces Bullpup shotgun and three (3) Palmetto State Armory AR-15 receivers for **MALACKI FRAY** to purchase.

13. On or about October 31, 2024, **MALACKI FRAY** purchased one (1) Black Aces Bullpup shotgun and three (3) Palmetto State Armory AR-15 receivers from Palmetto State Armory to be delivered to North County Tactical, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

14. On or about November 6, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to North County Tactical, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

15. On or about November 14, 2024, **JORDAN ROUSSEAU** and **MALACKI FRAY** met at US Pawn Jewelry/Hollywood FL, a federally licensed firearms dealer, in Broward County, in the Southern District of Florida.

16. On or about November 14, 2024, **MALACKI FRAY** purchased one (1) Glock 19, one (1) Glock 22, and one (1) Springfield Hellcat firearm for **JORDAN ROUSSEAU** at US Pawn Jewelry/Hollywood FL, a federally licensed firearms dealer, in Broward County, in the Southern

District of Florida.

17. On or about November 14, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to US Pawn Jewelry/Hollywood FL, a federally licensed firearms dealer, in Broward County, in the Southern District of Florida.

18. On or about November 27, 2024, **JORDAN ROUSSEAU** requested six (6) lower receivers for **MALACKI FRAY** to purchase.

19. On or about November 28, 2024, **MALACKI FRAY** purchased six (6) Palmetto State Armory PA-15 receivers from Palmetto State Armory and had the firearms delivered to North County Tactical, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

20. On or about December 4, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to North County Tactical, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

21. On or about December 28, 2024, **JORDAN ROUSSEAU** and **MALACKI FRAY** met at Queen of Pawns 7, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

22. On or about December 28, 2024, **MALACKI FRAY** purchased two (2) Glock 22 firearms and one (1) Glock 23 firearm from Queen of Pawns 7, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

23. On or about December 28, 2024, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Queen of Pawns 20 HPG 7, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

24. On or about January 1, 2025, **JORDAN ROUSSEAU** requested one (1) Century Arms Micro Draco and three (3) Palmetto State Armory WhatNext-15 receivers for **MALACKI FRAY** to purchase.

25. On or about January 2, 2025, **MALACKI FRAY** purchased one (1) Century Arms Micro Draco and three (3) Palmetto State Armory WhatNext-15 receivers from Palmetto State Armory to be delivered to Queen of Pawns 50 HPG 7, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

26. On or about January 6, 2025, **MALACKI FRAY** made a materially false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that is, **MALACKI FRAY** was the actual transferee/buyer of the firearm, to Queen of Pawns 80 HPG 7, a federally licensed firearms dealer, in Palm Beach County, in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 3-6
### Material False Statement to Firearms Dealer
(18 U.S.C. § 922(a)(6))

1. The allegations set forth in paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about the dates specified in each count below, in Palm Beach County, within

11

the Southern District of Florida, the defendants,

**MALACKI FRAY and
JUSTICE ORLANDO,**

in connection with the acquisition of a firearm from a licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that, **MALACKI FRAY** represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of a firearm, when in truth and in fact, and as the defendant, then and there well knew, **MALACKI FRAY** was acquiring the firearms on behalf of the defendant **JUSTICE ORLANDO**, as specified in each count below:

| Count | Date | Firearms | Licensed Firearms Dealer |
|---|---|---|---|
| 3 | December 18, 2024 | Two (2) Palmetto State Armory Dagger Compact frames | Gator Guns & Pawn, Inc. in Palm Beach County, Florida |
| 4 | January 10, 2025 | Two (2) Palmetto State Armory Dagger Compact frames | Gator Guns & Pawn, Inc. in Palm Beach County, Florida |
| 5 | February 7, 2025 | Two (2) Palmetto State Armory Dagger Compact frames | Shoot Straight WPB Inc, in Palm Beach County, Florida |
| 6 | February 8, 2025 | Two (2) Palmetto State Armory Dagger Compact frames | Shoot Straight WPB Inc, in Palm Beach County, Florida |

In violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNTS 7-14
### Material False Statement to Firearms Dealer
### (18 U.S.C. § 922(a)(6))

1. The allegations set forth in paragraphs 1 through 4 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about the dates specified in each count below, in Palm Beach and Broward Counties, within the Southern District of Florida, the defendants,

**MALACKI FRAY and
JORDAN ROUSSEAU,**

in connection with the acquisition of a firearm from a licensed firearms dealer, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that, **MALACKI FRAY** represented in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of a firearm, when in truth and in fact, and as the defendant, then and there well knew, **MALACKI FRAY** was acquiring the firearms on behalf of the defendant **JORDAN ROUSSEAU**, as specified in each count below:

| Count | Date | Firearms | Licensed Firearms Dealer |
|---|---|---|---|
| 7 | August 13, 2024 | One (1) Aero M4E1 receiver and one (1) Soto Arms PA-15 receiver | Sunshine State Firearms Co., in Palm Beach County, Florida |

| Count | Date | Firearms | Licensed Firearms Dealer |
|---|---|---|---|
| 8 | August 27, 2024 | Four (4) Soto Arms PA-15 receivers | Sunshine State Firearms Co., in Palm Beach County, Florida |
| 9 | October 16, 2024 | Three (3) Soto Arms PA-15 receivers | Sunshine State Firearms Co., in Palm Beach County, Florida |
| 10 | November 6, 2024 | One (1) Black Aces Bullpup shotgun and three (3) Palmetto State Armory AR-15 receivers | North County Tactical, in Palm Beach County, Florida |
| 11 | November 14, 2024 | One (1) Glock 19, one (1) Glock 22, and one (1) Springfield Hellcat | US Pawn Jewelry/Hollywood FL, in Broward County, Florida |
| 12 | December 4, 2024 | Six (6) Palmetto State Armory PA-15 receivers | North County Tactical, in Palm Beach County, Florida |
| 13 | December 28, 2024 | Two (2) Glock 22 firearms and One (1) Glock 23 firearm | Queen of Palms 7, in Palm Beach County, Florida |
| 14 | January 6, 2025 | One (1) Century Arms Micro Draco and three (3) Palmetto State Armory WhatNExt-15 receivers | Queen of Palms 7, in Palm Beach County, Florida |

In violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **MALACKI FRAY, JUSTICE ORLANDO, and JORDAN ROUSSEAU,** have an interest.

2.  Upon conviction of a violation, or a conspiracy to commit a violation, of Title 18,

United States Code, Section 922(a)(6), or any other criminal law of the United States, as alleged in this Indictment, the defendants, **MALACKI FRAY, JUSTICE ORLANDO, and JORDAN ROUSSEAU**, shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Section 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

*Adam C. McMichael* for
_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

*Shannon O'Shea Darsch*
_____
SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 2026-CR-80016-Singhal/Maynard

v.

MALACKI FRAY,
JUSTICE ORLANDO, and
JORDAN ROUSSEAU,
　　　　　　　　Defendants.
　　　　　　　　　　　　　　　　　　/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☑ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II  ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
Assistant United States Attorney
FL Bar No.       68566

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Malacki Fray

**Case No:** 2026-CR-80016-Singhal/Maynard

Counts #: 1-2

Conspiracy to Commit Offenses against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100 upon conviction of each count

Counts #: 3-14

Making a False Statement to a Firearms Dealer

Title 18, United States Code, Section 922(a)(6)

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100 upon conviction of each count

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Justice Orlando

**Case No**: 2026-CR-80016-Singhal/Maynard

Count #: 1

Conspiracy to Commit Offenses against the United States

Title 18, United States Code, Section 371

* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100 upon conviction of each count

Counts #: 3-6

Making a False Statement to a Firearms Dealer

Title 18, United States Code, Section 922(a)(6)

* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100 upon conviction of each count

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Jordan Rousseau

**Case No**: 2026-CR-80016-Singhal/Maynard

Count #: 2

Conspiracy to Commit Offenses against the United States

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment**: 5 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: 3 years
* **Max. Fine**: $250,000
* **Special Assessment**: $100 upon conviction of each count

Counts #: 7-14

Making a False Statement to a Firearms Dealer

Title 18, United States Code, Section 922(a)(6)

* **Max. Term of Imprisonment**: 10 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: N/A
* **Max. Supervised Release**: 3 years
* **Max. Fine**: $250,000
* **Special Assessment**: $100 upon conviction of each count

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.